USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/6/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
MAZAYA TRADING CO.,

               Plaintiff,

  - against -

THE FUNG GROUP, et al.,

              Defendants.
-----------------------------------X

18 Civ. 8669 (VM)

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

Plaintiff Mazaya Trading Company ("Plaintiff" or "Mazaya") brings this action against defendants The Fung Group, Li & Fung Limited, Global Brands Group Holding Limited, and Fung Holdings Limited (together, "Defendants"). The complaint brings claims of common law fraud, negligent misrepresentation, breach of warranty of merchantability, and breach of the implied covenant of good faith and fair dealing, relating to an alleged breach by Defendants of an agreement with Plaintiff for the distribution of handbags and other retail goods. (See "Complaint," Dkt. No. 4.)

Before the Court is a pre-motion letter submitted by Defendants seeking leave to file a motion to dismiss the Complaint. (See "July 2 Letter," Dkt. No. 14.) The Court has also received a letter in response from Plaintiff. (See "July 9 Letter," Dkt. No. 18.) The Court construes the July 2 Letter as a motion by Defendants to dismiss the Complaint pursuant

to Rule 12(b)(1) of the Federal Rules of Civil Procedure ("Rule 12(b)(1)") (the "Motion").[1] For the reasons set forth below, the Motion is GRANTED.

The Court has "an independent obligation to determine whether federal jurisdiction exists." Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC, 692 F.3d 42, 48 (2d Cir. 2012). "For diversity purposes, a corporation is considered a citizen of the state in which it is incorporated and the state of its principal place of business." Id.; see 28 U.S.C. § 1332(c)(1).

None of the parties in this action are citizens of any State. Plaintiff is incorporated and has its principal place of business in Lebanon. (Complaint ¶¶ 11-13.) The Fung Group allegedly has its principal office in Hong Kong (Complaint ¶ 14), but the Complaint does not make any allegation regarding its corporate existence or location; Defendants claim it does not exist as a legal entity. (July 2 Letter at 1.) Li & Fung Limited has its principal office in Hong Kong (Complaint ¶¶ 15-17), and Defendants claim it is incorporated in Bermuda. (July 2 Letter at 1.) Global Brands Group Holding Limited is a Bermuda corporation (Complaint ¶ 19), and

---

[1] Kapitalforeningen Lægernes Invest v. United Techs. Corp., 779 F. App'x 69, 70 (2d Cir. 2019) (Mem.) (affirming district court ruling deeming exchange of letters as motion to dismiss).

2

Defendants claim its principal place of business is in Hong Kong.[2] (July 2 Letter at 1.) Finally, the Complaint does not allege either the location of incorporation or principal place of business of Fung Holdings Limited (Complaint ¶ 18); Defendants claim no such entity exists.

"[D]iversity is lacking . . . where the only parties are foreign entities." Universal Licensing Corp. v. Paola del Lungo S.p.A., 293 F.3d 579, 581 (2d Cir. 2002). Indeed, "the presence of aliens on two sides of a case destroys diversity jurisdiction." Island Global Yachting, Ltd. v. Poole Capital, S.A., 438 F. Supp. 2d 310, 311 (S.D.N.Y. 2006). The burden is on Plaintiff to demonstrate that jurisdiction exists. Sty-Lite Co. v. Eminent Sportswear Inc., 115 F. Supp. 2d 394, 399 (S.D.N.Y. 2000). Plaintiff does not counter Defendants' arguments regarding the citizenship of the parties or the legal existence of the Fung Group or Fung Holdings Limited. Instead, Plaintiff argues that the Defendants are subject to the Court's jurisdiction under the New York long-arm statute. But personal jurisdiction is a distinct inquiry from subject matter jurisdiction. Island Global Yachting, Ltd., 438 F.

---

[2] Defendants also note that Global Brands Group Holding Limited was not incorporated until the end of 2013, after the alleged misrepresentations occurred and after "most of the sales." (July 2 Letter at 1.)

3

Supp. 2d at 311; see also Theobald v. IFS Int'l Holdings, Inc., 443 F. Supp. 2d 556, 557 (S.D.N.Y. 2006).

Nor is there a federal question in this case. As Plaintiff notes, the claims alleged are common law fraud, negligent misrepresentation, breach of warranty of merchantability, and breach of implied covenant of good faith and fair dealing. (July 9 Letter at 1.)

Because the Court does not have jurisdiction over this proceeding under either diversity jurisdiction or federal question jurisdiction, it must dismiss the action. The Court therefore need not address the alternative arguments for dismissal made by Defendants. (July 2 Letter at 2-3.)

## ORDER

Accordingly, it is hereby

**ORDERED** that the motion so deemed by the Court as filed by defendants The Fung Group, Li & Fung Limited, Global Brands Group Holding Limited, and Fung Holdings Limited to dismiss (Dkt. No. 14) the Complaint of plaintiff Mazaya Trading Company (Dkt. No. 4) pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is **GRANTED**.

**SO ORDERED.**

Dated: New York, New York
6 January 2020

Victor Marrero
U.S.D.J.